**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lee Jones, Jr.,<br><br>　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent. | No. CR-19-08075-PCT-DWL<br>No. CV-23-08040-PCT-DWL<br><br>**ORDER** |

This is an action under 28 U.S.C. § 2255.  (Doc. 1.)  As summarized in an earlier order:

> In his § 2255 Motion, Movant asserts six grounds for relief.  Movant claims that he received ineffective assistance from his trial counsel when counsel: failed to object to the Court's reasoning regarding and application of Rule 412(a) of the Federal Rules of Evidence (Grounds One and Six), failed to object to an alleged victim's testimony bolstering the credibility of another alleged victim (Ground Four), failed to establish a motive for the false claims of sexual abuse against Movant (Ground Five), and failed to object to the Court's denial of his request for a dual-role jury instruction (Ground Seven).  Movant also asserts that the Court's application of Federal Rule of Evidence 412(a) violated his due process rights (Ground Two) and that he was prejudiced by the admission of testimony from a child sexual abuse expert and an inability to present evidence that would have damaged the alleged victim's credibility (Ground Three).

(Doc. 6 at 4.)

On December 28, 2023, Magistrate Judge Bibles issued a report and recommendation ("R&R") concluding that the § 2255 motion should be denied.  (Doc. 13.)

Afterward, Movant filed a one-page objection to the R&R (Doc. 19) and Respondent filed a response (Doc. 20).

Movant's objection implicates 28 U.S.C. § 636(b)(1), which provides that when, as here, a magistrate judge has issued an R&R regarding a dispositive matter and a party has thereafter filed timely written objections, "[a] judge of the court shall make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3). As the Ninth Circuit has explained, "[i]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (cleaned up). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted).

Here, Movant only objects to the R&R's analysis of his "ineffective assistance of counsel claim regarding victim's testimony, Ground 4." (Doc. 19 at 1.) Thus, Movant has forfeited any objection to the R&R's rejection of his other claims. *Thomas*, 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d at 1121.

As for Ground Four, Movant's claim is that his trial counsel provided ineffective assistance by failing to object to one victim's testimony bolstering the credibility of another victim. (Doc. 1 at 9.) As the R&R correctly notes, to prevail on that claim, Movant would need to demonstrate both that his attorney's performance was deficient under reasonable professional standards and that a reasonable probability exists that, but for counsel's unprofessional error, the result of his criminal proceeding would have been different. (Doc. 13 at 6.) The R&R concludes that Movant cannot satisfy either requirement with respect to Ground Four. (*Id.* at 9-10.) More specifically, as for deficient performance, the R&R concludes, *inter alia*, that counsel's failure to object may be properly ascribed to trial strategy, because "[c]ompetent counsel often make a strategic decision not to object to testimony, particularly that of a victim, in order to avoid emphasizing the testimony before the jury" and "[d]eclining to accuse a witness of lying or obfuscating during cross-examination is both reasonable and a prudent course of conduct, i.e., this is often a strategic decision aimed to minimize damaging testimony from an opposing party's witness." (*Id.*) The R&R further concludes that Movant "is unable to establish prejudice arising from this alleged error as the record does not indicate that any objection was likely to succeed, and competent counsel need not make objections that, given the facts as they appear to be 'as of the time of counsel's conduct,' do not have a reasonable chance of success." (*Id.* at 10.)

In his objection, Movant does not address the R&R's analysis regarding trial strategy. (Doc. 19.) Instead, Movant argues that counsel could have successfully objected to the testimony at issue under Rule 608, in part because "T.H.'s character for truthfulness had not yet been attacked, the door had never been opened for testimony vouching [for] T.H.'s truthfulness." (*Id.* at 1.) As for prejudice, Movant simply asserts that the purported error was prejudicial, without providing any reasoned explanation for that conclusion. (*Id.*

at 1-2.)

Movant's objection lacks merit. First, Movant makes no effort to address the R&R's trial-strategy analysis. Thus, Movant has forfeited any objection to that analysis, which provides an independent basis for rejecting Ground Four. Second, putting aside the question of trial strategy, the premise underlying Movant's invocation of Rule 608—that the testimony at issue (*United States v. Jones*, No. 19-cv-8075, Doc. 100 at 106) was impermissible because T.H.'s character for truthfulness had not yet been attacked—is inaccurate. As Respondent correctly notes, "before the witness testified, defense counsel had attacked T.H.'s credibility by asking another witness about T.H.'s purported reputation for untruthfulness." (Doc. 20 at 2, citing *United States v. Jones*, No. 19-cv-8075, Doc. 99 at 174.) Third, Movant has not, at any rate, established prejudice. As Respondent correctly notes, "[t]he challenged statements were admissible under Rule 608, and they were made in passing and were never revisited by either party." (Doc. 20 at 2.) Additionally, as the Court emphasized during sentencing, the evidence of Movant's guilt was strong. (Doc. 110 at 36 ["You stated during your [allocution] that, 'I didn't do it. I was raised right, and I would never do a thing like this.' Those are—I understand that's your position. And I would say that, one, those are difficult comments to reconcile with the fact that this all began when you were with your now wife when she was 14 years old. But second, I listened to that recording in trial, the jury listened to it, the recording that was made secretly when you didn't know you were being recorded, when the FBI had the victim call you. And in my view, listening to it, that was a devastating call. And you made comments in there that somebody who was falsely accused of these things would not have made . . . ."].)

…

…

…

…

…

…

- 4 -

Accordingly,

**IT IS ORDERED** that:

1. The R&R (Doc. 13) is **adopted**.

2. Movant's objection (Doc. 19) is **overruled**.

3. The § 2255 motion (Doc. 1) is **denied**.

4. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Movant has not made a substantial showing of the denial of a constitutional right.

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 15th day of April, 2024.

                                                             Dominic W. Lanza
                                                             United States District Judge